# United States Court of Appeals for the Fifth Circuit

No. 25-50344
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARK OWEN GARRAWAY, II,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:22-CR-2004-1

Before BARKSDALE, GRAVES, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Following a jury trial, Mark Owen Garraway, II, was convicted of conspiracy to transport illegal aliens and transportation of an illegal alien for financial gain, in violation of 8 U.S.C. § 1324. He contends the evidence was insufficient to support his convictions.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-50344

Garraway (as he also concedes) did not move in district court for judgment of acquittal based on insufficient evidence. Because this issue was not preserved in district court, review is only for plain error. *E.g.*, *United States v. Wilson*, 143 F.4th 647, 661 (5th Cir. 2025). In the sufficiency-of-the-evidence context, "the standard of review is doubly difficult". *Id.* (citation omitted). "This court will reverse only when . . . appellant shows that the evidence was so completely, obviously, and unbelievably inadequate that allowing the verdict to stand would be a shocking and manifest miscarriage of justice." *Id.* (citation omitted). "These combined standards are tantamount to the eye of a virtually impassable needle." *Id.* (citation omitted).

Garraway asserts only that the evidence was insufficient to show, for each conviction, that he "knew or recklessly disregarded the alienage of any of the individuals purportedly transported by him". *See, e.g.*, *United States v. Yusuf*, 57 F.4th 440, 445 (5th Cir. 2023) (requiring Government show, *inter alia*, defendant's knowledge or reckless disregard of alien's illegal status for both conspiracy and substantive offense under § 1324).

At trial, a Border Patrol Agent testified to WhatsApp messages between Garraway and a number in Mexico linked to a person identified as "Muñeca". Those messages included, *inter alia*, Muñeca's: directing Garraway to share his live location through a feature in WhatsApp; providing him with a location in the Eagle Pass area where he was "to pick up the people"; ordering him to "[t]ake th[e aliens'] phones" when they entered the vehicle; telling him the location "where [he was] to drop the people off and get paid"; and warning him to "[m]ake sure [he could not] see the people outside of the car" and to "[m]ake them [lie] down if [he] need[ed] to". Moreover, another Agent testified that Garraway's "hand was shaking", and he "seemed nervous", looked "shocked", "surprised", and had a "deer in the headlights look" when he encountered the checkpoint.

2

No. 25-50344

Garraway falls far short of satisfying the applicable extremely high standard of review: the evidence of his knowledge was not "so completely, obviously, and unbelievably inadequate that allowing the verdict to stand would be a shocking and manifest miscarriage of justice". *Wilson*, 143 F.4th at 661 (citation omitted).

AFFIRMED.